# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| NORTHPOINTE TOWNHOMES CONDOMINIUM ASSOCIATION, a Michigan nonprofit corporation, | Case No.: 2:22-cv-13044-GAD-DRG |
| Plaintiff, | District Judge: Gershwin A. Drain<br>Magistrate Judge: David R. Grand |
| v. | |
| MEGMAD FAMILY TRUST, | **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |
| Defendant. | |
| _____/ | |

Julie A. Goldberg (CA Bar No. 235565)
Monica R. Smith (MI No. P73439)
GOLDBERG & ASSOCIATES
3005 Oakwood Boulevard
Melvindale, MI 48122
(313) 888-9545
ecf@goldbergimmigration.com
*Attorneys for Defendant*

Todd Skowronski (MI No. P74301)
MAKOWER ABBATE GUERRA
WEGNER VOLLMER PLLC
30140 Orchard Lake Road
Farmington Hills, MI 48334
(248) 671-0140
tskowronski@maglawpllc.com
*Attorney for Plaintiff*
_____/

1

**TO PLAINTIFF NORTHPOINTE TOWNHOMES CONDOMINIUM ASSOCIATION, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on, 12/15/2022, a Notice of Removal was filed in the United States District court for the Eastern District of Michigan. A copy of the Notice of Removal is attached as **Exhibit A**, and is served and filed herewith.

Respectfully Submitted,

GOLDBERG & ASSOCIATES

Dated: December 15, 2022

/s/ *Julie Goldberg*
By: Julie Goldberg (CA Bar No. 235565)
*Attorneys for Defendant*

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTHPOINTE TOWNHOMES
CONDOMINIUM ASSOCIATION,
a Michigan nonprofit corporation,

      Plaintiff,

v.

MEGMAD FAMILY TRUST,

      Defendant.

_____/

Case No. 2:22-cv-13044

HON.

**NOTICE OF REMOVAL**

**DEMAND FOR JURY TRIAL**

Pursuant to L.Civ.R. 3.3.1(d)(iii) and 3.3.1(g) there are no related actions between the parties.

Julie A. Goldberg (CA Bar No. 235565)
Monica R. Smith (MI No. P73439)
GOLDBERG & ASSOCIATES
3005 Oakwood Boulevard
Melvindale, MI 48122
(313) 888-9545
ecf@goldbergimmigration.com
*Attorneys for Defendant*

Todd Skowronski (MI No. P74301)
MAKOWER ABBATE GUERRA
WEGNER VOLLMER PLLC
30140 Orchard Lake Road
Farmington Hills, MI 48334
(248) 671-0140
tskowronski@maglawpllc.com
*Attorney for Plaintiff*

_____/

1

## NOTICE OF REMOVAL

**TO THE CLERK OF THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1332, 1441 and 1446, Defendant MEGMAD FAMILY TRUST hereby removes the above-captioned matter from the Circuit Court of the State of Michigan for the County of Wayne (the "State Court") to the U.S. District Court for the Eastern District of Michigan. This Court has jurisdiction based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. As grounds for removal of this action pursuant to 28 U.S.C. § 1446(a), the Defendant states as follows:

### PLEADING PROCEDURES

1. On November 29, 2022, Plaintiff NORTHPOINTE TOWNHOMES CONDOMINIUM ASSOCIATION, a Michigan nonprofit corporation, ("NORTHPOINTE"), commenced this civil suit against the MEGMAD FAMILY TRUST, ("MEGMAD"), captioned as *Northpointe Townhomes Condo. Assoc. v. Megmad Family Trust,* Case No. 22-014146-CH, Circuit Court of the State of Michigan for the County of Wayne ("State Court Action"), which asserts a single claim for Breach of Contract/Condominium Documents. A true and correct copy of the Complaint is attached hereto as **Exhibit 1.**

2. While U.S.C. § 1446(a) only requires a defendant to attached a copy of all process, pleadings, and orders **served** on a defendant, MEGMAD attaches hereto as **Exhibits 1** through **Exhibit 2** true and correct copies of some of the pleadings, orders, and other papers or exhibits *filed* this action. MEGMAD does this so that the Court may have at least a partial record of the State Court Action, yet MEGMAD does not concede it was **served** with any of the papers in the State Court Action.

## TIMELINESS OF REMOVAL

3. On December 13, 2022, Plaintiff filed a Proof of Service alleging to have served the Complaint. **Exhibit 3**. Defendant has not been able to retrieve a copy of the Proof of Service, and does not know by which means the Proof of Service alleges MEGMAD has been served. Assuming the Proof of Service alleges that service was effectuated the same day the complaint was filed, November 23, 2022, - which is the soonest service could have been effectuated - MEGMAD would be required to file its notice of removal not later than Friday, December 23, 2022. 30 days after November 23, 2022 is December 23, 2022.

4. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as MEGAMD has filed this Notice of Removal within thirty days (30) of the earliest date Plaintiff's Proof of Service could allege MEGMAD was served with the Complaint. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

5. MEGMAD has not previously removed the State Court Action.

6. MEGMAD has neither served nor filed a response to the Complaint in the State Court Action.

## REMOVAL JURISDICTION – DIVERSITY JURISDICTION

7. This Court has jurisdiction over this action under 28 U.S.C. § 1332(a), 28 U.S.C. § 1441(b) as it is an action that may be removed to this Court by MEGMAD, because: (1) there is complete diversity of citizenship between NORTHPOINTE, on the one hand, and MEGMAD, on the other hand; and (2) the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

### A. The Parties Are Citizens of Different States.

8. The federal diversity jurisdiction statute provides that a corporation is a citizen of both (1) the state where it is incorporated, and (2) the State where it has

its principal place of business. 28 U.S.C. § 1332(c)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).

9. When considering whether diversity jurisdiction exists, the citizenship of a trust is determined by the citizenship of its trustee. *Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 100 (1980); see also *Gen. Ret. Sys. of the City of Detroit v. UBS AG*, No. 10-CV-13920, 2010 WL 5296957, at *4 (E.D. Mich. Dec. 20, 2010).

10. A person's domicile, which determines state citizenship for purposes of diversity jurisdiction, is the person's permanent home, where she resides with the intention to remain or to which he intends to return. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990); 28 U.S.C. § 1332. Moreover, the diversity determination is dependent on where the person was domiciled at the time the complaint is filed. *Napletana v. Hillsdale Coll.,* 385 F.2d 871, 872 (6th Cir. 1967).

### a. Plaintiff's Citizenship.

11. NORTHPOINTE alleges in the Complaint, "The Association [referring to NORTHPOINTE] was at all times pertinent hereto and is presently a duly-constituted Michigan nonprofit corporation []." Compl. ¶ 4. Therefore, upon information and belief, NORTHPOINTE is a citizen of the state of Michigan. *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 89 (2005).

### b. Defendant's Citizenship.

12. MEGMAD is a private trust, and Julie A. Goldberg ("Ms. Goldberg") serves as trustee for the MEGMAD trust.

13. Ms. Goldberg is an individual and is domiciled in New York. Ms. Goldberg is a resident of New York and maintains a law office in New York.

14. Because Plaintiff is a citizen of Michigan and Ms. Goldberg is a citizen of New York, complete diversity exists.

**B.     The Amount in Controversy Exceeds $75,000.**

15.    In order to establish diversity jurisdiction, the amount in controversy must "exceed the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

16.    NORTHPOINTE's Complaint does not explicitly state an amount in controversy. Rather, NORTHPOINTE allege that the Complaint is for *injunctive relief and money damages*. Compl. ¶ 1. Moreover, NORTHPOINTE explicitly seeks "a judgment against the Defendant and award Plaintiff its actual costs, damages, interest and attorneys' fees []" pursuant to a contractual clause. Compl. Prayer ¶ E.

17.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010); citing *Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). Here the object of the litigation is real property, located at 3373 Reeves Dr., Melvindale, Michigan 48122. Compl. ¶ 7.

18.    NORTHPOINTE's Complaint attaches the warranty as Exhibit A to the Complaint, which states, that on February 5, 2020, the subject real property was sold "for the full consideration of $95,000." Compl. Exh. A. Nearly three years later, the value of the subject real property has increased which can be evidenced by an estimated value of $130,000 by Zillow. **Exhibit 4**.

19.    A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Id.*

20. The Complaint makes facially apparent that the amount in controversy is more likely than not, in excess of $75,000 in that the Complaint seeks to recover monetary damages, attorneys fees pursuant to contract, and injunctive relief. Compl. Prayer ¶¶A-F.

21. MEGMAD expressly reserves the right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law to provide additional supporting evidence or include any additional sums sought in the Complaint, but not included herein, should any aspect of this removal and/or the information set forth herein be challenged.

## VENUE

22. MEGMAD is informed and believes that the events allegedly giving rise to this action occurred within this judicial district. Venue lies in this Court because Plaintiff's action was filed in the Circuit Court of Michigan, County of Wayne, and is pending in this district and division. Accordingly, MEGMAD is entitled to remove this action to the U.S. District Court for the Eastern District of Michigan as it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF AND STATE COURT

23. Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached Certificate of Service. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the State of Michigan for the County of Wayne.

## PRESERVATION OF DENIALS AND DEFENSES

24. By filing this Notice of Removal, MEGMAD does not waive any jurisdictional or other defenses that might be available to it. In addition, MEGMAD expressly reserves the right to move for dismissal of Plaintiff's single

claim pursuant to Rule 12 of the Federal Rules of Civil Procedure. MEGMAD reserves the right to amend or supplement this Notice of Removal. MEGMAD specifically reserves the right to amend this petition to offer additional grounds for removal should the grounds presented herein be found to be insufficient.

WHEREFORE, MEGMAD respectfully requests that the above-captioned action now pending in the Circuit Court of Michigan, in Wayne County be removed to this U.S. District Court for the Eastern District of Michigan.

Respectfully Submitted,

GOLDBERG & ASSOCIATES

Dated: December 15, 2022     /s/ *Julie Goldberg*
By: Julie Goldberg (CA Bar No. 235565)
*Attorneys for Defendant*

## DEMAND FOR JURY TRIAL

Defendant demands a trial on all issues triable by a jury.

Respectfully Submitted,

GOLDBERG & ASSOCIATES

Dated: December 15, 2022     /s/ *Julie Goldberg*
By: Julie Goldberg (CA Bar No. 235565)
*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 15, 2022, I mailed this **Notice of Removal** by United States Postal Service, first class postage prepaid, and by electronic mail to Plaintiff's counsel below:

Todd Skowronski (MI No. P74301)
MAKOWER ABBATE GUERRA
WEGNER VOLLMER PLLC
30140 Orchard Lake Road
Farmington Hills, MI 48334
(248) 671-0140
tskowronski@maglawpllc.com

_____
Clement Leung

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 15, 2022, I mailed this **Notice to Adverse Party of Removal to Federal Court** by United States Postal Service, first class postage prepaid, and by electronic mail to Plaintiff's counsel below:

Todd Skowronski (MI No. P74301)
MAKOWER ABBATE GUERRA
WEGNER VOLLMER PLLC
30140 Orchard Lake Road
Farmington Hills, MI 48334
(248) 671-0140
tskowronski@maglawpllc.com

                                                                          Clement Leung