## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

NORTHPOINTE TOWNHOMES
CONDOMINIUM ASSOCIATION,
a Michigan nonprofit corporation,

            Plaintiff,

    v.

MEGMAD FAMILY TRUST,

            Defendant.

Civil No. 2:22-cv-13044-GAD-DRG

Hon. Gershwin A. Drain
Mag. Judge David R. Grand

_____

**Defendant's Motion to Dismiss Complaint [Fed. R. Civ. P. 12(b)(5)]**
_____

Defendant MEGMAD FAMILY TRUST ("MEGMAD"), by its trustee Julie A. Goldberg ("Ms. Goldberg"), through its attorneys Goldberg & Associates, P.C., in accordance with Fed. R. Civ. P. 81(c)(2) requiring a defendant to respond to the complaint within 7 days after removal, hereby moves to dismiss Plaintiff's Complaint for insufficient service of process, or alternatively quash service of process. In support of this Motion, Ms. Goldberg submits the attached Brief and concurrently files the Declaration of Julie Ann Goldberg ("Goldberg Decl."). The Motion will be scheduled for oral argument on a date to be determined by the Court.[1] Pursuant L.R. 7.1(a)(2)(C), a concurrence on this Motion was not obtained because despite reasonable and timely efforts specified in the motion or request,

---

[1] Pursuant to Honorable Gershwin A. Drain's Practice Guidelines for motion practice, MEGMAD does not submit a Notice of Hearing and the Court will issue the Notice of Hearing and briefing schedule. *See* https://www.mied.uscourts.gov/index.cfm?pageFunction=chambers&judgeid=36

1

the movant was unable to conduct a conference, due to the extremely short time in which a response became due after removal. Goldberg Decl. ¶ 7.

Respectfully Submitted,

**GOLDBERG & ASSOCIATES, P.C.**

Dated: December 22, 2022

/s/ *Julie Goldberg*
By: Julie Goldberg
3005 Oakwood Boulevard
Melvindale, MI 48122
(313) 888-9545
ecf@goldbergimmigration.com
*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NORTHPOINTE TOWNHOMES
CONDOMINIUM ASSOCIATION,
a Michigan nonprofit corporation,

        Plaintiff,

    v.

MEGMAD FAMILY TRUST,

        Defendant.

Civil No. 2:22-cv-13044-GAD-DRG

Hon. Gershwin A. Drain

_____

**Brief in Support of Defendant's Motion to Dismiss [Fed. R. Civ. P. 12(b)(5)]**
_____

**ISSUE PRESENTED**

I.    Should the Court dismiss Plaintiff's Complaint because service of process was not effected properly, including whether or not effected on the appropriate person, and whether all procedural requirements of service were satisfied?

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   PROCEDURAL HISTORY

Northpointe Townhomes Condominium Association ("NORTHPOINTE") initiated this case by filing a complaint in the Circuit Court of Michigan, County of Wayne ("the Circuit Court") on November 23, 2022, entitling it *Northpointe v. MegMad*, Case No. 22-014146-CH. On December 13, 2022, NORTHPOINTE filed a Proof of Service of Summons in the Circuit Court declaring that MEGMAD had been served by mail at an address in New York on December 2, 2022. Goldberg Decl. ¶ 5 & Exh. 1. On December 15, 2022, MEGMAD removed the matter to the Eastern District Court for the District of Michigan under diversity jurisdiction. The case was assigned to Honorable Gershwin A. Drain and case number 2:22-cv-13044-GAD-DRG. Now, MEGMAD seeks to dismiss an order quashing the Proof of Service of Summons filed in the Circuit Court.

### II.   ARGUMENT

#### A. Applicable Law.

##### 1.  Fed. R. Civ. P. 12(b)(5).

A Rule 12(b)(5) motion challenges the sufficiency of service of process. *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994). When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected. *Id.* (citing *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.,* 635 F.2d 434, 435 (5th Cir.1981)); *see also* 5B Wright & Miller § 1353 ("When the gravamen of defendant's motion is insufficiency of process, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service.") *Frederick, supra* 153 F.R.D. 120, 123 (internal citations omitted). The Sixth Circuit has held that the failure to comply with state service-of-process rules can result in the dismissal of removed actions.

*Bates v. Harp,* 573 F.2d 930 (6th Cir.1978). "[I]n determining the validity of service in the state court prior to removal, a federal court must apply the law of the state." 4A Wright & Miller, *Federal Practice and Procedure* § 1082; see also *Schmidt v. Wilbur*, 775 F. Supp. 216, 227 (E.D. Mich. 1991) ("The sufficiency of process is determined by Michigan Rules of Court.").

In other words, a defendant may challenge the sufficiency of service of process after removal, based on any defects in service prior to the case's removal. The law of the state applies in determining the sufficiency of process. After an action is removed, however, federal law governs the procedure for challenging such defects, and defects in service can be cured in accordance with federal rules of procedure. *Cowen v. Am. Med. Sys., Inc.*, 411 F. Supp. 2d 717, 720 (E.D. Mich. 2006). For cases originally filed in federal court, Fed. R. Civ. P. 4(m) permits service within 120 days after filing the complaint, however in a case removed from state court, the time begins to run on the date of removal. *Id.* at 721 (E.D. Mich. 2006).

### 2. Michigan Rules of Court

Mich. Ct. R. 2.105(A) governs service on individuals. There are two methods:

> (A) Individuals. Process may be served on a resident or nonresident individual by
>
> (1) delivering a summons and a copy of the complaint to the defendant personally; or
>
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the

mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

## B. Ms. Goldberg, MEGMAD's Trustee,  Has Not Been Served With Process.

A trust is not a "person," where "person" extends beyond natural persons to encompass juristic persons, such as corporations.  A suit against a trust must be brought against the trustee. Restatement (Third) of Trusts § 105 (2012). Ms. Goldberg is the trustee of the MEGMAD trust. Goldberg Decl. ¶ 1. Thus, in order for service to be sufficiently effectuated, NORTHPOINTE must serve Ms. Goldberg with process.

In her attached supporting declaration, Ms. Goldberg declares that she has not been served personally with process in this matter. Goldberg Decl. ¶ 4. However, NORTHPOINTE has filed a proof of service of summons indicating that MEGMAD was "served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint." Goldberg Decl. ¶ 5 & Exh. 1.

While Mich. Ct. R. 2.105(A)(2) allows for service by mail, proper service of process requires strict adherence to the rules. What NORTHPOINTE alleges in its own proof of service makes clear that its effort to effectuate service on MEGMAD, i.e., Ms. Goldberg, falls short.

Mich. Ct. R. 2.105(A)(2) contains three requirements. First, that "delivery [be] *restricted to the addressee*" (emphasis added). Second, that "[s]ervice is made when the *defendant* acknowledges receipt of the mail" (emphasis added). Third, "[a] copy of the return receipt *signed by the defendant* must be attached" to the proof of service (emphasis added).

## 1. Although Delivery Was Restricted to the Addressee, Delivery Was Made on an Agent.

First, space 3 of the return receipt (USPS form 3811) has several boxes to select the type of service requested, and one of these is "Certified Mail Mail Restricted Delivery." The addressee is "MegMad Family Trust, % Julie Goldberg, 5586 Broadway, 3rd Floor, Bronx, NY 10463." Goldberg Decl. ¶ 5 & Exh. 1. Technically, Ms. Goldberg should have been listed as the addressee, not MegMad Family Trust "%" Ms. Goldberg

A close look at the return receipt attached to the proof of service shows that it was signed by an "agent" (whose name is not printed in the space provided) and *not* the "addressee." Goldberg Decl. ¶ 5 & Exh. 1. In the space for a printed name are three initials, the last of which is clearly "C" and not "G" (for Goldberg), so whoever the alleged "agent" was, it certainly was not Ms. Goldberg, as required. Signature by an agent is inconsistent with delivery restricted to the addressee. This alone is grounds to invalidate the service.

In addition, Ms. Goldberg's declaration states that Goldberg & Associates, P.C., whose address is the one where NORTHPOINTE sent the summons, is a professional corporation and a separate entity and that no one from that law office has been authorized by Ms. Goldberg to accept service on behalf of Ms. Goldberg as trustee for MEGMAD. Goldberg Decl. ¶ 6.

**2.  Ms. Goldberg Never Acknowledged the Mail.**

Moreover, Ms. Goldberg has never acknowledged the mail. She neither signed nor printed her name on the return receipt. Goldberg Decl. ¶ 4. This is another reason why service in this manner is ineffective.

**3.  The Return Receipt is Not Signed by Ms. Goldberg.**

Lastly, the individual who signed as the "agent" was not Ms. Goldberg. Goldberg Decl. ¶ 4. Another reason why service in this manner is ineffective. Any of these reasons alone is sufficient to quash service, taken together make even a greater reason to quash service of process as to MEGMAD.

**C. The MEGMAD Trust Will be Prejudiced If Service is Not Quashed.**

Compliance with the court rule governing the manner to serve process fulfills the constitutional requirement of notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. *Bullington v. Corbell*, 293 Mich. App. 549, 809 N.W.2d 657 (2011). This is fundamental in American jurisprudence. Ms. Goldberg has a duty as trustee of the MEGMAD family trust that all plaintiffs seeking to sue the trust comply with the rules of court. Ms. Goldberg, as trustee, must be placed on legal notice in order for her to have sufficient time to consult with the beneficiaries of the trust and seek legal advice in defending the trust against any and all claims which requires time to review the pleadings for the purpose of a response beyond one challenging the sufficiency of service.

For the great majority of courts, however, actual knowledge of the lawsuit does not substitute for proper service of process under Rule 4(c)(2)(C)(ii). *United States v. Gluklick,* 801 F.2d 834, 836 (6th Cir.1986) ("The courts, consistent with the legislative history, have held that the defendant's failure to acknowledge service renders such service invalid....") (citation omitted); *Geiger v. Allen,* 850 F.2d 330, 332 n. 3 (7th Cir.1988) ("The rule in this and other circuits is that service by mail is not complete until an acknowledgment is filed with the court."); *Worrell v. B.F. Goodrich, Co.,* 845 F.2d 840, 841 (9th Cir.1988) (virtually every court that has examined the rule has concluded that service fails unless defendant returns acknowledgment form); *Stranahan Gear Co., Inc. v. NL Indus., Inc.,* 800 F.2d 53, 57–58 (3rd Cir.1986); *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1088–89 (4th Cir.1984)." *Friedman v. Est. of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991).

**D. The Motion is Procedurally Proper and Timely.**

The Supreme Court held over 90 years ago that a defendant does not waive objections to service of process or personal jurisdiction by removing a state court action to federal court. *Morris & Co. v. Skandinavia Ins. Co.,* 279 U.S. 405, 409, (1929). In other words, a defendant can first remove, then seek to quash service of process.

Moreover, while MEGAMAD contests service of summons altogether, MCR 2.108(A)(1) allows a defendant to respond to the complaint 21 days after service is alleged. Here, MEGMAD responded to the complaint by removing it to the District Court on December 15, 2022 - 13 days after service was allegedly effectuated. After removal, Fed. R. Civ. P. 81(c)(2) requires the removing defendant to respond to the complaint within 7 days after removal. MEGMAD responds by way of this Motion and raises its defense for insufficient service of process. This Motion is filed on December 22, 2022–seven days after removal. Thus, the Motion is both procedurally proper and timely.

### III.   CONCLUSION

For the above reasons, the Court should quash the Proof of Service of summons filed by the Plaintiff in the Circuit Court on December 13, 2022, and dismiss the action for insufficiency of service of process.

Respectfully Submitted,

**GOLDBERG & ASSOCIATES, P.C.**

Dated: December 22, 2022    /s/ *Julie Goldberg*
By: Julie Goldberg
3005 Oakwood Boulevard
Melvindale, MI 48122
(313) 888-9545
ecf@goldbergimmigration.com
*Attorneys for Defendant*

9

## CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2022, a true and correct copy of the foregoing Defendant's Motion to Dismiss Complaint was served on the counsel of record for the other parties to this case via CM/ECF.


*/s/ Julie Goldberg*
Julie Goldberg