UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NORTHPOINTE TOWNHOMES
CONDOMINIUM ASSOCIATION,

      Plaintiff,                            Case No. 22-13044
                                            Hon. Linda V. Parker
v.

MEGMAD FAMILY TRUST,

      Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO AMEND (ECF No. 48) AND DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE THIRD PARTY COMPLAINT (ECF No. 49)

This matter is currently before the Court on Defendant Megmad Family Trust's ("Megmad") motion for leave to amend/correct answer (ECF No. 48) and motion for leave to file third party complaint.  (ECF No. 49.)  Plaintiff Northpointe Townhomes Condominium Association ("Northpointe") filed a response to both motions, but no replies were filed.  (ECF Nos. 50, 53.)  The Court finds that oral argument will not aid in its disposition of the motion; therefore, it is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).  For the following reasons, both motions are **DENIED**.

## I.      BACKGROUND

On November 29, 2022, Northpointe brought this action against Megmad in the Wayne County Circuit Court of Michigan.  (ECF No. 1.)  Megmad subsequently timely removed the case to this Court.  (*Id.*)  Generally, Northpointe alleged that Megmad had breached the terms of their contract and condominium documents.  The alleged breach consisted of unapproved modifications to condominium common elements within Megmad's unit, which purportedly caused damage to the condominium.  (ECF No. 1-1.)  Megmad now seeks leave to file an amended answer and third party complaint.  (ECF Nos. 50, 53.)  The motions were filed on January 25, 2025 and January 27, 2025 respectively.  (*Id.*)  It is uncontested that the scheduling order deadline for amendments to pleadings or joinder of parties in this case passed on November 20, 2023.  (ECF No. 28, PageID.398; ECF No. 43, PageID.740; ECF No. 50, PageID.1275.)  Discovery in this case closed on March 22, 2024.  (ECF No. 30.)

## II.     MODIFICATION OF SCHEDULING ORDER

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A).  When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause before leave will be granted.  *See* Fed. R. Civ. P.

16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir.

2005).  "The primary measure of Rule 16's 'good cause' standard is the moving

party's diligence in attempting to meet the case management order's

requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)

(quotation omitted); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir.

2003).  "Another important consideration . . . is whether the opposing party will

suffer prejudice by virtue of the amendment."  *Leary*, 349 F.3d at 906 (citing *Inge*,

281 F.3d at 625).  Only once the requirements of Rule 16 are met will the court

evaluate the motions under Federal Rules of Civil Procedure 14 and 15.  *Com.*

*Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009).

### A.   Good Cause

Neither party explicitly addressed the requirements of Rule 16(b), although

Northpointe does recognize the fact that the scheduling order deadline has expired.

(ECF No. 50, PageID.1275.)  As grounds for both motions, Megmad states that

discovery has revealed new facts which justify the motions' tardiness.  (ECF No.

48, PageID.804; ECF No. 49, PageID.1121-1122.)

In its motion for leave to amend its answer, Megmad alleges that "discovery

has revealed critical new evidence, including Plaintiff's acknowledgment of long-

standing systemic water issues and plumbing defects that predate the leak in

Defendant's unit by several months."  (ECF No. 48, PageID.804.)  However,

Megmad does not state when it received this information or why it was not available sooner.

The fact that Megmad does not indicate why the documents it relies on were not available sooner is of particular importance because the documents primarily consist of the minutes of Northpointe's monthly association meetings and other association documents.  (ECF No. 48, PageID.807.)  The Michigan Condominium Act provides that "[t]he books, records, contracts, and financial statements concerning the administration and operation of the condominium project shall be available for examination by any of the co-owners and their mortgagees at convenient times."  Mich. Comp. Laws § 559.157(1); *Bafna v. Echo Valley Condo. Ass'n*, No. 353785, 2021 WL 5021749 at *4 (Mich. Ct. App. Oct. 28, 2021). Consequently, any argument that the records were unavailable is unpersuasive as Megmad had the right to request to inspect the relevant records, even prior to this suit, and there is no indication that it did so.

This leaves Megmad with a motion that was filed approximately 14 months after the scheduling order deadline and 10 months after the close of discovery with no indication that the information supporting the motion was unavailable earlier in this litigation.  For that reason, the Court finds that Megmad has failed to demonstrate it acted diligently in seeking leave to amend.

4

In its motion for leave to file a third party complaint, Megmad argues that the motion is timely because the procedural development of this case prevented it from filing the motion earlier.  (ECF No. 49, PageID.1121.)  The Court is unpersuaded by this argument.  None of the events cited in Megmad's motion effected its ability to seek leave to file a third party complaint, with perhaps the exception of the change in counsel.  More importantly, all the events referenced occurred after the expiration of the deadline set in the scheduling order and Megmad provides no explanation for its failure to file the motion *prior* to the expiration of that deadline.  (ECF No. 49, PageID.1121.)

Megmad also references discussions at the December 17, 2024, status conference before Magistrate Judge Grand where "the potential for impleading these third-parties was specifically discussed."  (*Id.* at PageID.1123.)  As the status conference was not held on the record, the specific details of the conversation are not known to this Court.  Although the Court finds it probable that Judge Grand may have instructed Megmad to file the instant motions, this instruction did not excuse Megmad's delay.  There is no indication that Judge Grand extended the deadlines set in the scheduling order and it is unlikely that the scheduling order would be amended at a status conference on two unrelated motions without a written order.

Megmad also argues that discovery has revealed inconsistencies in certain statements and representations. However, Megmad does not point to specific items in discovery or identify when it became aware of the alleged inconsistencies. (ECF No. 49, PageID.1121-1122.) The construction on the condo, and logically, the contractors who performed the work, have been at issue since the beginning of this case. (*See* ECF No. 1-1, PageID.15.) Furthermore, all of the evidence cited by Megmad in its motion to file third party complaint is dated prior to November 20, 2023. (ECF No. 49, PageID.1116-1117.) At least some of the documents referenced were letters that appear to have been received by Megmad by September of 2022. (*Id.*)

Consequently, the Court finds that there is no evidence in the record to support a finding that Megmad acted diligently to comply with the scheduling order. On the contrary, Megmad has engaged in substantial undue delay in filing both motions.

## B.    Prejudice

Furthermore, both the amended answer and the third party complaint would result in substantial prejudice to Northpointe. Discovery in this case has closed and the dispositive motion deadline, March 22, 2024, has long passed. (ECF No. 28.) The Sixth Circuit has explicitly held that granting leave to amend after the close of discovery imposes prejudice on the nonmoving party. *See Duggins v.*

*Steak 'N Shake, Inc.*, 195 F.3d 828, 835 (6th Cir. 1999); *Quintairos, Prieto, Wood & Boyer, P.A. v. PCPMG Consulting, LLC*, No. CV 18-176, 2022 WL 1658413 at *3 (E.D. Ky. May 25, 2022).  Furthermore, the amendments will substantially change the theory of the case and convert it from an action centering on a breach of the condominium bylaws to a construction case involving six new third party defendants. (*See* ECF No. 49-1.)  At this late date, altering the action in this way will result in substantial prejudice to Northpointe.

Megmad states that granting its motions will not require reopening discovery, however, the Court finds this highly unlikely.  (ECF No. 49, PageID.1122.)  Megmad seeks to add multiple new claims and defendants.  These proposed defendants would reasonably request discovery if they were added to this proceeding and would likely engage in additional motion practice. Allowing Megmad to file an amended answer and third party complaint at this point would lead not only to potentially significant additional discovery, but also to extensive motion practice by the new parties.  Furthermore, it would result in the complication of the issues at trial by the injection of new claims and parties.  Thus, it is likely that granting Megmad's motions would substantially delay the proceedings in this case and prejudice all involved.

Megmad has thus failed to show good cause to amend the scheduling order. Because Megmad has not demonstrated good cause under Rule 16(b) to modify the

scheduling order, the Court does not reach the Rule 14 or 15 analyses. *Com. Benefits Grp., Inc.*, 326 F. App'x at 376; *Carrizo (Utica) LLC v. City of Girard*, 661 F. App'x 364, 369 (6th Cir. 2016). Finally, should the Court decline to grant leave to file a third party complaint, Megmad still has the ability to file a separate action against the proposed third party defendants. Consequently, Megmad would not "face the risk of bearing sole responsibility for damages that were caused, at least in part, by the negligence and defective workmanship of others." (ECF No. 49, PageID.1124.)

## III.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the motion for leave to amend (ECF No. 48) is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for leave to file third-party complaint (ECF No. 49) is **DENIED**.

**SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: July 24, 2025